Wood & Co. *vs.* Dillingham & Co.

Special Term—GHOLSON, J. presiding.

## WOOD & Co. *vs.* DILLINGHAM & Co.

In an action upon bill of exchange against drawer, a general allegation in the petition, that "the bill was not paid though duly presented for payment, of which the drawer had due notice," is sufficient, under the Code.

The explanations of the Code Commissioners, will carry a very persuasive weight, though not binding as authority on the Court.

GHOLSON, J.

This is an action on a bill of exchange; and to a petition in the usual form under section 122 of the Code, the acceptor and drawer have filed a demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action.

So far as any question could arise in respect of the sufficiency of the petition against the acceptor, it has been decided, during the present term of the Court, in the case of the Ohio Life Insurance and Trust Co. *vs.* Goodin. In that case, it was held, that a petition in the brief terms required by the language of section 122 must be deemed sufficient. In this case, the drawer of the bill is a defendant, and the question arises, whether the allegation in general terms, that the bill was not paid though duly presented for payment, of which the drawer had due notice, be sufficient.

If it be required, that the mode in which demand was made and notice given should be stated, then it seems probable that the only objection which could be made against the allegation in this case would be, that it is indefinite and uncertain, and advantage of such a defect cannot be taken by demurrer, but only under section 118 of the Code.

So far as authorities can be found, the allegation of a demand and notice in the general terms used in this case

has been sustained. It is in accordance with the form given in the way of illustration, by the learned Commissioners who prepared the Code, and the construction given by them to the provisions of the Code, though not obligatory, is certainly very persuasive authority, and will always have with me great weight. The question as to the sufficiency of such an allegation has occurred several times in New York. In the case of Gay *v.* Paine, 15 *Pr. Rep.* 107, it was expressly held that the averment of demand and notice might be made in general terms. By that decision the practice appears to have been settled in New York. That this is so, very strongly appears from the case of Radway *v.* Mather, 5 *Sand. S. C. R.* 654. In that case, the complaint contained these averments, " And the plaintiff says he believes, that when the said note became due and payable, the same was duly presented to the maker thereof for payment, and payment thereof was demanded of the said maker, who neglected to pay the same, and that due notice thereof was given to the defendant," and a demurrer to the complaint was held to be frivolous.

The very language used in the New York Code as to the mode in which facts are to be stated, having been adopted in our Code, and having received a construction before it was adopted, and that construction having been sanctioned, as before stated, by our Code Commissioners, I shall not attempt a change.

The demurrer will be overruled.